WILLIAM W. KELMAN *vs.* JAMES E. SHEEN.

If a discharge in insolvency is pleaded in defence to an action upon a promissory note, the plaintiff may reply that the defendant's estate paid less than fifty cents on the dollar upon the debts proved, and that a majority in number of his creditors who had proved their claims did not assent to the granting of the certificate of discharge.

COLT, J. In defence of this action, which is brought to recover the amount due upon a promissory note, the defendant relies upon a discharge in insolvency, which he sets forth in his answer. To this the plaintiff replies that the discharge is invalid, because the estate of the defendant did not pay fifty cents on the dollar of the debts proved, and the assent of a majority of his creditors was not obtained according to the requirements of the statute. The defendant then demurs to the plaintiff's replication, assigning as cause of demurrer that the objections stated do not constitute legal objections to the defendant's discharge. The question of the conclusiveness of a discharge in insolvency in respect to the matters indicated is thus fairly presented upon the pleadings.

The insolvent courts of this commonwealth are courts of limited and special jurisdiction, proceeding not according to the course of the common law, but created and regulated wholly by statute. When acting within their jurisdiction their proceedings are conclusive ; but inquiry may always be made to ascertain in any particular case whether that jurisdiction has been exceeded The Gen. Sts. *c.* 118, § 81, provide that " a discharge shall not be granted to a debtor whose assets do not pay fifty per cent. of the claims proved against his estate, unless the assent in writing of a majority in number and value of his creditors who have proved their claims is filed in the case within six months after the date of the assignment." If, therefore, it is shown that a discharge has been granted in violation of these provisions, a case is presented where the court has plainly exceeded the power conferred by the statutes, and the discharge can have no validity. In all cases where courts of inferior jurisdiction have acted in a manner not authorized or expressly prohibited by statutes

conferring or regulating the jurisdiction, the party aggrieved, if without laches, may treat such action as void, and aver and prove its nullity in court. *Smith* v. *Rice*, 11 Mass. 513. *Cook* v. *Darling*, 18 Pick. 393. Upon principle, then, the facts relied on by the plaintiff are sufficient to invalidate this discharge.

The defendant urges that in all cases where a discharge is granted, and objection is made that it is granted in violation of the express provisions of § 81, the only remedy is by appeal, as provided in § 85, and that it is only those objections which involve or compromise the moral conduct of the insolvent, enumerated in § 87, which can be availed of to invalidate a discharge once granted.

The right of appeal from the decision of the judge upon the question of granting the discharge is indeed given to both debtor and assignee ; but the assignee cannot be said to represent the creditors who have not proved their debts, and his failure to appeal cannot affect their rights. Nor do the provisions of § 87, naming certain grounds upon which a discharge may be avoided, though not including those here relied upon, furnish any argument that it was the intention of the legislature to make the decision of the judge granting the discharge conclusive in respect to them. The judge is expressly required to pass upon the matters named in that section, and they are therefore clearly within his jurisdiction, so that his judgment thereon might well be held final unless appealed from, but for the provision which opens such matters in all cases where the discharge is pleaded.

But the question presented by the demurrer has been practically settled by the decisions of this court. A discharge granted at the third meeting of creditors called after the expiration of six months from the appointment of assignees, was held valid in *Williams* v. *Robinson*, 4 Cush. 529. Under *Sts.* 1838, *c.* 163, § 12, and 1844, *c.* 178, it was held that where a third meeting of creditors had not been called, a certificate of discharge was not valid against a creditor who had not proved his claim. *Sanderson* v. *Taylor*, 1 Cush. 87. And in *Gardner* v. *Nute*, 2 Cush. 333, it was held that the certificate is not conclusive evidence of the facts stated therein, but the court may look into the

record in order to determine whether the certificate was properly granted. The objections there made to the discharge were, that a majority of the creditors who had proved claims objected within six months, that the estate did not pay fifty per cent. of the claims proved, and that the discharge was prematurely granted.                                                        *Demurrer overruled.*

*S. C. Bancroft & N. J. Holden,* for the defendant.

*C. Sewall,* for the plaintiff.